FILED
MAY 19 2009
CLERK
US DISTRICT Clerk, U.S. District and
Bankruptcy Courts

2009 MAY 19 PM 6: 32

RECEIVED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICOLE B. LINDSEY**<br>4 Phoenix Mill Place<br>Alexandria, VA 22304<br><br>            Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA GOVERNMENT**<br>Serve:  ADRIAN FENTY<br>           MAYOR<br>           c/o D.C. Office of the Secretary<br>           1350 Pennsylvania Ave., Rm. 419<br>           Washington, D.C. 20004<br><br>           PETER J. NICKLES, ESQUIRE<br>           ATTORNEY GENERAL<br>           441 4th Street, N.W. 6th Floor<br>           Washington, D.C. 20001<br><br>            Defendant. | Case: 1:09-cv-00945<br>Assigned To : Collyer, Rosemary M.<br>Assign. Date : 5/19/2009<br>Description: Labor-ERISA |

## COMPLAINT FOR DECLARATORY
## REQUEST FOR DECLARATORY RELIEF

Nicole B. Lindsey ("Plaintiff"), a former lieutenant employed by the District of Columbia Metropolitan Police Department ("DC MPD" or "Defendant") brings suit under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") due to Defendant's failure to pay her owed overtime compensation, other related compensation, as well as benefits due and promised her following her reinstatement to the DC MPD on October 15, 2007.

### JURISDICTION

1. This Court has jurisdiction of this matter pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 and 28 U.S.C. § 1331 because this matter involves a federal question, namely a matter arising under a law of the United States, the FLSA.



## VENUE

2. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Columbia.

## PARTIES

3. Plaintiff is a resident of Alexandria, Virginia, and a 14-year veteran of the DC MPD, who was wrongfully removed from her position as a sergeant, subsequently ordered reinstated, and then returned to her employment, retroactively, as a supervisor at the rank of lieutenant.

4. Defendant DC MPD is an agency of the Government of the District of Columbia, pursuant to D.C. Code § 5-101.01, and has the power to sue and be sued, to plead and to be impleaded, and to exercise all other powers of a municipal corporation not inconsistent with the Constitution and laws of the United States under D.C. Code § 1-102.

5. The Defendant, through the DC MPD, is an "employer" within the meaning of the FLSA, "engaged in commerce" within the meaning of 29 U.S.C. § 203(d) and (e)(2)(c).

## FACTUAL ALLEGATIONS

6. Plaintiff began employment with the DC MPD as a police officer on July 11, 1994.

7. After approximately 10 years of service, on July 6, 2004, some 321 days after the DC MPD became aware of allegations of misconduct against Plaintiff, proposed her removal from employment as a sergeant.

8. On July 7, 2004, Plaintiff elected to respond to the DC MPD's allegations through a DC MPD Adverse Action Trial Board hearing ("Trial Board').

9. Plaintiff appeared before the DC MPD Trial Board, on October 13, 2004, for a

2

hearing on the allegations of misconduct.

10. On November 19, 2004, Plaintiff was then served with DC MPD's Trial Board's Final Notice of Adverse Action, which recommended the termination of her employment with DC MPD, which was approved by former Assistant Chief of DC MPD Human Services, Shannon Cockett.

11. Plaintiff appealed the decision to terminate her employment to former DC MPD Chief of Police Charles H. Ramsey, on November 29, 2004, contending that the termination was inappropriate because it violated a rule which mandated that all adverse actions be taken by DC MPD within 55 days.

12. On December 22, 2004, former Chief Ramsey denied Plaintiff's appeal, and affirmed the Trial Board's termination of Plaintiff's employment as the final decision of the DC MPD.

13. Thereafter, Plaintiff, as an DC MPD police officer within the bargaining unit of employees represented by the Fraternal Order of Police, District of Columbia Metropolitan Police Department Labor Committee ("FOP"), Plaintiff and the FOP sought arbitration to appeal the improper removal decision.

14. The FOP and Defendant selected Arbitrator Irwin Socoloff to hear the Plaintiff's removal arbitration case.

15. Arbitrator Socoloff, after hearing testimony and reviewing the evidence in the case, reversed Plaintiff's termination on February 24, 2006 and ordered DC MPD to reinstate Plaintiff with full back pay and benefits along with restoration of lost promotion opportunities.

16. Plaintiff, while waiting for the DC MPD to reinstate her, attempted to register and take the Captain's promotional examination at DC MPD, in January of 2007, which was held at the Third District.

17. Plaintiff was not permitted to sit for the examination by the DC MPD, despite the fact that she had been ordered to be reinstated to her employment.

18. Even though Plaintiff had completed the requisite time in service to be eligible for promotion to Captain, DC MPD refused to allow Plaintiff the opportunity to sit for the examination, which was administered in April of 2007, following Plaintiff's reinstatement order.

19. Former Chief Ramsey, as of September 13, 2007 approved the reinstatement of Plaintiff and provided her a retroactive promotion to the position of Lieutenant, a position which was outside of the bargaining unit.

20. Plaintiff was returned to duty through a notice dated September 14, 2007, and authored by Assistant Chief Cockett, in which she informed Plaintiff that she would be returned to work, promoted to lieutenant, and made whole for all of her losses promised but unpaid during her interim removal and subsequent return to work.

21. Plaintiff returned to work on October 15, 2007 at the rank of lieutenant.

22. As a result of barring Plaintiff from sitting for the Captain's examination, she was ineligible for promotion to Captain upon her return to work on October 15, 2007 as a lieutenant and has been denied significant compensation due to lost promotional opportunities.

23. During the time period in which Plaintiff was out of work, between November 19, 2004 and her reinstatement on October 15, 2007, Plaintiff believes that she was owed significant unpaid overtime and other compensation which has not been paid in full.

24. Prior to Plaintiff's termination, she worked on average 10 hours a day while on normal duty, compared with 8 hours a day while on non-contact duty.

25. During the time that Plaintiff was unable to earn overtime compensation, many

overtime causing events took place with DC MPD, including a crime emergency which was declared, requiring all personnel to work a 6-day workweek, significant overtime following the London Bombings, and for approximately 2 months in 2007, many of those in similar positions were required to work an additional 4 hours a day.

26. To date, Defendant has only partially compensated Plaintiff, and she is still owed lost backpay, overtime, and compensation from lost promotional opportunities.

27. At the time that Plaintiff was returned to work and the debt to Plaintiff was created, Plaintiff was a supervisor, and not part of the bargaining unit.

28. On December 28, 2007, Plaintiff, through counsel, drafted a letter to Defendant, seeking her losses and promotional opportunities for Plaintiff.

29. Plaintiff, on March 27, 2008, received a response letter from DC MPD denying Plaintiff's requests.

## COUNT 1

### UNTIMELY PAYMENT OF OWED BACK WAGES IN VIOLATION OF THE FLSA, 29 U.S.C. § 206(b)

30. Plaintiff incorporates by reference and reasserts each and every allegation set forth above in Paragraphs 1 through 29, as fully set forth herein.

31. Pursuant to 29 U.S.C. § 206(b), Defendant is implicitly required to promptly pay all wages due to Plaintiff on the regular payday in the next pay period following when it becomes due.

32. DC MPD's debt to Plaintiff became due in the pay period following October 15, 2007, the date in which she was returned to work.

33. Defendant's failure and refusal to timely pay Plaintiff owed compensation violates 29 U.S.C. § 206(b).

34. Additionally, Defendant's failure to timely pay all back pay due to Plaintiff is willful and in bad faith because the Defendant was on notice that the back pay was due, as evidenced by the D.C. PERB Decision and their actions thereafter.

35. Although Defendant has been apprised of the law regarding the payment of back wages, in addition to being put on notice of the compensation due by Plaintiff's counsel, Defendant has failed to remedy the situation and compensate Plaintiff in accordance with the D.C. PERB Decision and federal law.

36. Accordingly, Plaintiff is entitled to full back pay, liquidated damages, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### WILLFUL FAILURE OF DC MPD TO PAY OVERTIME DUE TO PLAINTIFF IN VIOLATION OF THE FLSA, 29 U.S.C. § 207(a)

37. Plaintiff incorporates by reference and reasserts each and every allegation set forth above in Paragraphs 1 through 36 as though fully set forth herein.

38. Pursuant to 29 U.S.C. § 207(a), Defendant is required to pay Plaintiff time-and-one-half compensation for all overtime hours worked in excess of 40 hours per week depending on Plaintiff's individual periods of time worked.

39. During the period of the adverse action wrongfully suffered by Plaintiff, she did not earn overtime which she would have otherwise earned.

40. Plaintiff regularly worked, on average, approximately 20 hours in overtime per pay period for which she would have received overtime compensation during the period of the unjust and illegal action taken by DC MPD.

41. Plaintiff has not been made whole for her losses of 20 to 30 hours per pay period as a

result of the unlawful actions taken by the DC MPD, despite assurances that she would be made whole by the DC MPD.

42. DC MPD has willfully and intentionally failed to provide, the full amount of compensation due to Plaintiff.

43. Upon Plaintiff's return to the DC MPD, following a ruling by an arbitrator finding that the DC MPD terminated Plaintiff's employment unlawfully, the DC MPD provided only basic compensation

44. DC MPD knew, or should have known, that its willful and intentional failure to pay Plaintiff compensation due violates her rights, immunities, and privileges secured to her by federal law.

45. When the D.C. PERB Decision affirmed the order of back wages to Plaintiff, and the DC MPD did not appeal within the statutorily proscribed period of time, the DC MPD became liable for her lost overtime compensation.

46. Defendant failed to adjust Plaintiff's overtime compensation to reflect the additional pay that Plaintiff would have earned and, as a result, violated the FLSA by failing to pay Plaintiff her complete time-and-one-half compensation.

47. As a direct and proximate result of Defendant's actions, Plaintiff was denied the time-and-one-half compensation due to her, as mandated by 29 U.S.C. § 207(a).

48. Defendant's failure to pay all overtime wages owed to Plaintiff is willful and in bad faith because Defendant was on notice that these wages were due as evidenced by its decision not to appeal the D.C. PERB Decision. Furthermore, several months and pay periods have elapsed since such wages were due.

49. Although Defendant has been apprised of the law regarding the payment of overtime

covered by the FLSA, Defendant has failed to correct the situation and to compensate Plaintiff in accordance with federal law.

50. Accordingly, Plaintiff is entitled to all back pay, liquidated damages, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.      Enter judgment against Defendant as a result of DC MPD's untimely delay and failure to pay the Plaintiff her full back wages due to her upon her return to the DC MPD in violation of 29 U.S.C. § 206(b);

B.      Enter judgment against Defendant as a result of DC MPD's failure to fully compensate Plaintiff for overtime worked in violation of 29 U.S.C. § 207(a); Order an accounting and adjustment in Plaintiff's longevity pay calculations as a result of non-payment;

C.      Order a complete and accurate accounting of all compensation and benefits to which Plaintiff was entitled to but not paid by DC MPD;

D.      Order the DC MPD to appoint Plaintiff, retroactively to the rank of Captain within the DC MPD, within a date certain of judgment against Defendant and to calculate all other damages and funds due herein on that basis;

E.      Order Defendant to pay all unpaid basic wages and unpaid and lost overtime wages due to Plaintiff pursuant to 29 U.S.C. § 216(b);

F.      Award liquidated damages to Plaintiff as a result of the willful, knowing, and intentional decision by DC MPD not to timely compensate Plaintiff her full basic and overtime wages pursuant to 29 U.S.C. § 216(b);

G. Award such pre-judgment and post-judgment interest as may be allowed by law;

H. Award Plaintiff the costs of this action, any expert, investigative, and accountant fees, in addition to reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

I. Grant Plaintiff such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable by a jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

Dated: May 19, 2009

John V. Berry, Esq.
D.C. Bar No. 460531
BERRY & BERRY P.L.L.C.
Attorneys at Law
1990 M Street, N.W., Suite 610
Washington, D.C. 20036
Tel:   (202) 955-1100
Fax:   (202) 955-1101
Email: jberry@worklaws.com

*Attorney for Plaintiff*