# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NICOLE B. LINDSEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-945 (RMC) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Nicole B. Lindsey, formerly an officer with the District of Columbia Metropolitan Police Department ("MPD"), was terminated from her job in January 2005 and ordered reinstated by an arbitrator on February 24, 2006. She returned to work on October 14, 2007, and received backpay from the District on March 10, 2008. She sues here under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for payment of overtime pay while she was out of work and for damages because her backpay was received so late. The District has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment. *See* Dkt. # 6. Whether Ms. Lindsey should have been compensated for overtime she did not have an opportunity to work because of an improper discharge is a question for the arbitrator to resolve. It is not an FLSA issue. Similarly, if the District improperly dragged its feet in issuing a backpay check to Ms. Lindsey, she may have a contract grievance for the Fraternal Order of Police to consider; it is not an FLSA issue. The Complaint will be dismissed for failure to state a claim on which relief might be granted.

# I. FACTS

Ms. Lindsey became a police officer on July 11, 1994, and had attained the rank of sergeant when, on July 6, 2004, MPD proposed her removal from employment. Compl. ¶¶ 6-7. The proposal was made 321 days after MPD first became aware of the allegations of misconduct by Ms. Lindsey. *Id.* ¶ 7. On July 7, 2004, Ms. Lindsey sought a hearing before an MPD Adverse Action Trial Board. *Id.* ¶ 8. She appeared before the Trial Board on October 13, 2004, and received its Final Notice of Adverse Action, recommending her termination, on November 19, 2004. *Id.* ¶¶ 9-10. The recommendation was approved by former Assistant Chief of MPD Human Services, Shannon Cockett. Ms. Lindsey appealed to the then-Chief of Police, Charles H. Ramsey, on November 29, 2004. *Id.* ¶ 11. She argued that the termination was inappropriate because it violated a rule under the collective bargaining agreement that required all adverse actions be taken by MPD within 55 days of employee misconduct. Chief Ramsey denied her appeal on December 22, 2004, and she was officially terminated in January of 2005. *Id.* ¶ 12.

Through the Fraternal Order of Police, Ms. Lindsey grieved and sought arbitration. The parties selected Arbitrator Irwin Socoloff to hear the matter. *Id.* ¶ 14. In his decision, the Arbitrator concluded: "The grievant's termination is rescinded; she shall be reinstated with backpay and benefits and restoration of lost promotional opportunities." Pl.'s Am. Mem. In Opp'n ("Pl.'s Mem.") [Dkt. # 14], Ex. 2 (Arbitrator's Opinion and Award) at 8. Acting Chief of Police Cathy Lanier approved the reinstatement of Ms. Lindsey on September 13, 2007, and also approved a retroactive promotion to the position of Lieutenant. Am. Compl. ¶ 19. Assistant Chief Crockett notified Ms. Lindsey of her reinstatement by letter dated September 14, 2007. *Id.* ¶ 20. Ms. Lindsey actually returned to work on October 14, 2007, at the rank of lieutenant, with retroactive seniority

in the position (which was outside the bargaining unit). *Id.* ¶ 21.

In early 2007, prior to her reinstatement but following the Arbitrator's order, Ms. Lindsey attempted to register for the Captain's promotional examination in the MPD Third District. *Id.* ¶ 16. She was not permitted to sit for the exam because she was not on active duty when the exam was administered in April 2007. *Id.* ¶ 18. As a result, she was not reinstated to a captain's rank and was not paid a captain's salary. *Id.* ¶ 22. Ms. Lindsey also claims significant amounts of overtime between November 19, 2004, when she was put on paid administrative leave, and October 14, 2007, when she was reinstated. *Id.* ¶ 23. She states that she typically worked ten (10) hours per day while on normal duty prior to her termination, in addition to various emergencies during the time she was out of work that required all officers to work longer hours. *Id.* 24-25.

Ms. Lindsey complained about these issues, through counsel, to the MPD in late December 2007. *Id.* ¶ 28. MPD responded in March 2008, denying that it owed her any additional backpay, overtime compensation, or promotional placements. *Id.* ¶ 29.

This suit was filed on May 19, 2009. A First Amended Complaint was filed on October 1, 2009. Count 1 alleges untimely payment of owed back wages and Count 2 alleges willful failure to pay overtime.

## II. LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which

it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

### III. ANALYSIS

Ms. Lindsey complains that MPD failed "to pay her lawfully required overtime compensation [and] other related compensation and benefits following her reinstatement . . . on October 14, 2007." Am. Compl., Introduction. Ms. Lindsey's right to reinstatement to active duty at MPD rested entirely on Arbitrator Socoloff's decision, which interpreted and applied the collective bargaining agreement between the Fraternal Order of Police and MPD. *See* Pl.'s Mem., Ex. 2 (Arbitrator's Opinion and Award). It is Arbitrator Socoloff's order which entitled Ms. Lindsey to "backpay and benefits and restoration of lost promotional opportunities." *Id.*, Ex. 2 at 13. The FLSA requires that employees be compensated for overtime worked, 29 U.S.C. § 207(a), however, whether the Arbitrator intended backpay to include normal and customary overtime is not clear from his decision. Unless he ordered such a remedy, Ms. Lindsey is not entitled to it. Certainly nothing in the FLSA requires the MPD, as a matter of federal law, to pay her overtime for time not actually worked. If there is any confusion in the parties' minds as to the scope of the Arbitrator's remedy, only a question to him can allay it.

Similarly, while the FLSA requires employees to be paid their wages on a timely basis, the timing of a check for backpay arising from an arbitral award depends on, in the first instance, any contract requirements or, in the second instance, a successful grievance claiming that MPD was intolerably and unreasonably slow. Even though Ms. Lindsey was reinstated to a non-unit position as a lieutenant, she was in the bargaining unit during the months she awaited reinstatement.

An arbitrator might determine that she has standing to pursue such a grievance, if timely lodged. The Court does not opine one way or the other, since it would be a matter of interpretation of the collective bargaining agreement and the parties' past practices, which are committed by the grievance/arbitration provisions of the collective bargaining agreement to an arbitrator's judgment. *See United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599 (1960) ("[T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."). There is nothing in federal statutory law that requires an arbitration backpay award to be issued within a time certain.

## IV. CONCLUSION

Ms. Lindsey's First Amended Complaint complains of matters peculiarly within the ambit of the collective bargaining agreement's grievance and arbitration procedure, not the FLSA. Because the Complaint fails to state a claim upon which relief can be granted, it will be dismissed. A memorializing Order accompanies this Memorandum Opinion.

Date: April 23, 2010                                /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge